IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH DALE McREYNOLDS, | CASE NO. 5:11-cv-05245 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS** |
| v. | |
| HSBC BANK USA, et. al., | |
| Defendant(s). | [Docket Item No(s). 9, 10] |

In this action related to the foreclosure of real property, Defendants HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-OP2 Asset Backed Pass-Through Certificates ("HSBC"), Ace Securities Corp. Home Equity Loan Trust, Series 2006 OP-2 Asset Backed Pass-Through Certificates, American Home Mortgage Servicing, Inc. ("AHMS"), and Power Default Services, Inc. ("PDS") (collectively, "Defendants") presently move the court for orders dismissing the Complaint filed by Plaintiff Kenneth Dale McReynolds ("Plaintiff") and expunging a lis pendens recorded by Plaintiff against the property at issue. See Docket Item Nos. 9, 10. Plaintiff did not file written opposition to either motion, and the court previously determined that these matters were suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).[1]

---

[1] The court denied Plaintiff's post-submission motion to file late oppositions and reschedule the hearing on Defendants' motions. See Docket Item No. 39.

1
CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO
EXPUNGE LIS PENDENS

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  Having carefully reviewed the relevant documents, Defendants' motions will be granted for the reasons stated below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about February 13, 2006, Plaintiff executed a promissory note for $708,700 in favor of The Mortgage Outlet or Mortgage Electronic Registration Service, Inc. ("MERS"), as well as a Deed of Trust to purchase real property located in San Jose, California.  See Compl., Docket Item No. 1, at ¶¶ 2, 3.  The Deed of Trust was recorded on February 24, 2006, and named Alliance Title as the trustee.  See id., at ¶ 3.  Plaintiff alleges that HSBC became the successor-in-interest to the original beneficiaries by subsequent assignments recorded on May 30, 2007, and September 22, 2008.  See id., at ¶ 4.  AHMS was the loan servicer and agent of HSBC.  See id., at ¶ 6.

On February 7, 2011, AHMS caused to be recorded a Notice of Default indicating that Plaintiff had failed to make loan payments in the total amount of $25,333.84.  See id., at ¶ 10.  A Notice of Trustee's Sale was thereafter recorded on May 11, 2011, and the property was eventually purchased by HSBC at the trustee's sale on May 31, 2011.  See id., at ¶¶ 11, 12.  The Trustee's Deed Upon Sale reflecting the transaction was recorded on June 8, 2011.  See id., at ¶ 12.  HSBC then initiated unlawful detainer proceedings against Plaintiff on June 30, 2011.  See id.

Plaintiffs commenced this action originally in state court on September 16, 2011, alleging irregularities in the foreclosure process as well as Defendants' failure to complete a loan modification.  Defendants removed the action to this court on October 27, 2011.  These motions followed.

## II. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

**B.     Standing**

Before turning to whether Plaintiff has stated a claim, the court first addresses Defendants' argument that Plaintiff lacks standing to sue HSBC. "Article III standing must be determined as a threshold matter in every federal case." United States v. 5208 Los Franciscos Way, 385 F.3d 1187, 1191 (9th Cir. 2004).

At minimum, standing requires the proponent to establish three basic elements: (1) injury-in-fact; (2) traceability; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Defendants focus on traceability, which requires "a causal connection between the injury and the conduct complained of, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Id. Although Plaintiff bears the burden of establishing standing, this can be accomplished at the pleading stage through "general factual allegations of injury resulting from the defendant's conduct." Id. at 561.

Defendants contend that the allegations in the Complaint are insufficient to establish a traceable connection between HSBC's purported conduct and injury to Plaintiff, in either HSBC's individual corporate capacity or through its role as the trustee for a pool of securitized mortgages. Taking up the latter issue first, Defendants are correct that Plaintiff lacks standing to assert claims against HSBC for acts taken as trustee for securitized mortgages. This is because Plaintiff is neither a direct party to nor a third-party beneficiary of the pooling agreement that governs the trust. See Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." (internal citations omitted)). For this reason, courts in this circuit have uniformly rejected a plaintiff's attempt to sue the trustee for acts related to the foreclosure process. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); Benham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 78384, at *10, 2009 WL 2880232 (N.D. Cal. Sept. 1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."); Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW (JCx), 2011 U.S. Dist. LEXIS 86248, at *18-19, 2011 WL 3157063 (C.D. Cal. July 22, 2011); Deerinck v. Heritage Plaza Mortg., Inc., No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *14-16 (E.D. Cal. Mar. 30, 2012).

A close review of the Complaint, however, reveals that Plaintiff's claims are better characterized as asserted against HSBC in its individual corporate capacity rather than as a trustee for a mortgage pool. Indeed, Plaintiff alleges that "HSBC became the successor-in-interest to the original beneficiary named in the Deed of Trust" as early as 2007, and that "HSBC claims to be the owner of the Subject Property." See Compl., at ¶¶ 4, 12. Plaintiff then goes on to allege that HSBC

undertook certain acts to Plaintiff's detriment in each of the separate causes of action. Although it is true that "[a] borrower cannot establish traceability - and therefore lacks standing - if a defendant lender has never held the borrower's loan," Plaintiff here does allege that HSBC had a beneficial interest in the loan. Jordan v. Paul Fin., LLC, No. C 07-04496 SI, 2009 U.S. Dist. LEXIS 7592, at *12, 2009 WL 192888 (N.D. Cal. Jan. 27, 2009)). Plaintiff also sufficiently ties HSBC's conduct to the alleged damage, specifically the loss of his home to foreclosure. Since all that is required at this stage are general allegations establishing traceability, the court finds that Plaintiff has established standing to sue HSBC.[2]

### C. Causes of Action 1 & 2: Set Aside Trustee's Sale and Cancel Trustee's Deed

Turning now to the specific claims, Plaintiffs' first and second causes of action appear to be based on three basic theories of liability: (1) that Defendants failed to comply with the requirements of California Civil Code § 2923.5 prior to initiating foreclosure proceedings; (2) that Defendants failed to comply with the technical requirements of Civil Code § 2924 in recording foreclosure documents and conducting the foreclosure sale; and (3) that the foreclosure sale was void because Defendants are not holders of the original note. None of these theories are supportable.

Plaintiff is precluded from relying on § 2923.5 as a basis to set aside the trustee's sale or cancel the deed. This section requires the lender to contact the homeowner before foreclosure "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." But the only available remedy available for a violation of § 2923.5 is the

---

[2] Defendants also argue that a trustee cannot be held liable in its individual corporate capacity unless the plaintiff shows that the trustee "intentionally or negligently acted or failed to act in a manner that establishes personal fault." Haskett v. Villas at Desert Falls, 90 Cal. App. 4th 864, 877-78 (2001). The court does not address that argument here for two reasons. First, as discussed above, the allegations do not appear to assert that HSBC is liable as trustee for a mortgage pool. Second, this argument questions whether Plaintiff has failed to state a claim against HSBC rather than whether Plaintiff has standing to sue HSBC, and as will be seen, Plaintiff's causes of action will be dismissed on other grounds.

For the same reason, the court does not directly address Defendants' arguments with regard to privilege. In any event, the court is not convinced that privilege is applicable to the allegations in their current form because Plaintiff has not alleged a claim for slander of title. Defendants may raise this argument again if necessary, but should do so with a more complete explanation of its application to the facts actually alleged.

1  postponement of an impending foreclosure to permit the lender to comply with the statute.  Mabry v.
2  Super. Ct., 185 Cal. App. 4th 208, 225 (2010) ("[U]nder the plain language of section 2923.5, read
3  in conjunction with section 2924g, the only remedy provided is a postponement of the sale before it
4  happens.").  Here, the property at issue has already been sold.  See Compl., at ¶ 12, Ex. C.  Thus,
5  Plaintiff cannot seek relief under this section.

6  Next, Plaintiff cannot predicate these causes of action on a failure to comply with the
7  procedural requirements of § 2924 without also alleging an ability to tender the *full* amount owed on
8  the loan.  See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal.
9  2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate
10 that he has made a valid and viable tender of payment of the indebtedness.").  The allegation that
11 Plaintiff has offered to pay "monthly payments of the rental value of the subject property" or "other
12 such sums as negotiated by the parties" misses the mark.  See Nguyen v. Calhoun, 105 Cal. App. 4th
13 428, 439 (2003) ("The rules which govern tenders are strict and are strictly applied."); see also
14 Gaffney v. Downey Savings & Loan Assn., 200 Cal. App. 3d 1154, 1165 (1988) ("The tenderer
15 must do and offer everything that is necessary on his part to complete the transaction, and must
16 fairly make known his purpose without ambiguity, and the act of tender must be such that it needs
17 only acceptance by the one to whom it is made to complete the transaction.").

18 In addition, district courts in California have consistently rejected the theory that the
19 foreclosure process is invalid if the trustee does not possess the original promissory note.  See, e.g.,
20 Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285, 2009 U.S. Dist. LEXIS 19613, at *9-10 (N.D.
21 Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 WL 32567, 2009
22 U.S. Dist. LEXIS 32, at *5-6 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 WL
23 2140640, 2007 U.S. Dist. LEXIS 98068, at *25 (S.D. Cal. July 23, 2007).  This is because
24 California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of
25 regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating
26 foreclosure to have physical possession of the promissory note.  "Under Civil Code section 2924, no
27 party needs to physically possess the promissory note."  Sicairos v. NDEX West, 08CV2014-LAB
28

United States District Court
For the Northern District of California

(BLM), 2009 WL 385855, 2009 U.S. Dist. LEXIS 11223, at *6-7 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1). Here, the Notice of Trustee's Sale indicates that the foreclosure process was commenced by the appointed Trustee. See Compl., at Ex. B.

In sum, Plaintiff has failed to state claims for the first two causes of action. Accordingly, they will be dismissed with leave to amend.[3]

### D.     Cause of Action 3: Accounting

Plaintiff seeks an accounting of the "amount of money still allegedly owed to defendant HSBC and/or its principal, defendant ACE."

"A claim for accounting survives a motion to dismiss only if (1) the relationship between a plaintiff and defendant, such as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a balance to the plaintiff that is too complicated to calculate without an accounting from the Court." Ford v. Lehman Bros. Bank, FSB, No. C 12-00842 CRB, 2012 U.S. Dist. LEXIS 85600, at *45, 2012 WL 2343898 (N.D. Cal. June 20, 2012). "An accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

Here, Plaintiff cannot demonstrate the need for a judicial accounting. Most importantly, Plaintiff does not allege that he is owed anything from Defendants, only that some amount of money is owed to Defendants based on his monthly loan obligation. Moreover, that calculation is not sufficiently complicated such that a court-ordered accounting is required; indeed, the amount owed can be determined using a minimal amount of mathematics. Since Plaintiff cannot amend this cause of action to plead a viable claim, it will be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

---

[3] It is also worth noting that Plaintiff cannot base these causes of action on a failed attempt to obtain a loan modification. "[T]here is no right . . . to a loan modification." Mabry, 185 Cal. App. 4th at 231.

### E. Causes of Action 4, 5 & 6: Intentional Misrepresentation, Negligent Misrepresentation and Concealment

In these three causes of action, Plaintiff alleges fraudulent conduct in the process of applying for a loan modification. In essence, Plaintiff generally alleges that unidentified employees of AHMS falsely represented to Plaintiff that his application documents would be processed.

The allegations supporting each of these causes of action are not sufficient to state a claim because they are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1164 (E.D. Cal. 2009). In other words, these causes of action must generally contain more specific facts than is necessary to support other causes of action.

Because Plaintiff has met the standard established by Federal Rule of Civil Procedure 9, causes of action 4, 5, and 6 will be dismissed with leave to amend.

### F. Cause of Action 8: Injunctive Relief

Plaintiff's final cause of action for injunctive relief seeks an order restraining HSBC and ACE from prosecuting an unlawful detainer in state court.[4] This represents an aspect of the relief sought rather than an actual prosecutable claim and is subject to dismissal on that ground. See Loder v. World Savings Bank, N.A., No. C11-00053 THE, 2011 WL 1884733, 2011 U.S. Dist. LEXIS 53166, at *21-22 (N.D. Cal. May 18, 2011) (citing Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)). But even if it could survive as a stand-alone claim, the Anti-Injunction Act

---

[4] The caption of the Complaint also references a cause of action for intentional infliction of emotional distress, but the Complaint does not contain allegations detailing that claim. The court assumes that Plaintiff has abandoned that cause of action.

1  precludes the type of injunction sought by Plaintiff. 28 U.S.C. § 2283 ("A court of the United States
2  may not grant an injunction to stay proceedings in a State court except as expressly authorized by
3  Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its
4  judgments."). Accordingly, cause of action 8 will be dismissed without leave to amend.

### III. MOTION TO EXPUNGE LIS PENDENS

Defendants move for an ordering expunging a lis pendens filed by Plaintiff against the property at issue. State law controls matters relating to lis pendens. See 28 U.S.C. § 1964. In California, any party may apply to the court in which the action is pending to expunge a lis pendens. Cal. Code Civ. Proc. § 405.30. The court must grant a motion to expunge if it determines either (1) that the pleading on which the notice is based does not contain a real property claim, or (2) that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Cal. Code Civ. Proc. §§ 405.31, 405.32. "[T]he burden is on the party opposing the motion to show the existence of a real property claim." Kirkeby v. Sup. Ct., 33 Cal. 4th 642, 647 (2004).

Although it was his burden to do so, Plaintiff did not file an opposition to this motion establishing the probable validity of any of his causes of action and, in any event, all of Plaintiff's causes of action are subject to dismissal for various reasons. Although some are dismissed with leave to amend, it is unlikely that Plaintiff will be able to amend his pleading to withstand another motion to dismiss, let alone prevail on any of the causes of action. As such, the court finds it appropriate to grant the motion to expunge the lis pendens.

In addition, the court cannot find that Plaintiff has acted with substantial justification or that imposing fees would be unjust. See Cal. Code of Civ. Proc. § 405.38. Defendants are therefore awarded attorney's fees and costs in the amount of $2,112.50, an amount which excludes anticipated time to prepare for a hearing.

### IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED as follows:

1. Causes of Action 1, 2, 4, 5 and 6 are DISMISSED WITH LEAVE TO AMEND; and

9
CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS

2. Cause of Action 3 and 8 are DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff is advised that any amended complaint must be filed within 30 days of the date this Order is filed. Plaintiff is further advised that he may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15, and that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in dismissal of this action.

Defendants' Motion to Expunge the Lis Pendens is also GRANTED. The lis pendens recorded against 1367 Corte Bonita, San Jose, California, 95120 (Document Number 2136117), is hereby EXPUNGED. Pursuant to California Code of Civil Procedure § 405.38, Plaintiff shall pay to Defendants $2,112.50 within 30 days of the date this Order is filed.

On or before August 24, 2012, the parties shall file a Joint Case Management Statement which contains all information required by this court's Standing Order and which provides, inter alia, a proposed schedule for this case.

**IT IS SO ORDERED.**

Dated: August 14, 2012

EDWARD J. DAVILA
United States District Judge