**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENNETH DALE McREYNOLDS,

Plaintiff(s),

v.

HSBC BANK USA, et. al.,

Defendant(s).

_____/

CASE NO. 5:11-cv-05245 EJD

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

[Docket Item No(s). 50]

## I.   INTRODUCTION

In this action related to the foreclosure of real property, Plaintiff Kenneth Dale McReynolds ("Plaintiff") executed a promissory note and deed of trust on or about February 13, 2006, in the amount of $708,700 in order to purchase property located in San Jose, California.  See First Amended Complaint ("FAC"), Docket Item No. 48, at ¶¶ 2-4.  HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-OP2 Asset Backed Pass-Through Certificates ("HSBC") became the successor in interest to Plaintiff's loan and American Home Mortgage Servicing, Inc. ("AHMS") was the loan's servicer.  Id. at ¶¶ 5, 7.[1]  After Plaintiff defaulted on his payment obligations under the deed of trust, the property was sold at a foreclosure sale on May 31, 2011. Id. at ¶ 12.

_____

[1] In this order, HSBC and AHMS are referred to collectively as "Defendants."  Since Plaintiff has represented Powers Default Services, Inc. should not remain as a party to this action, that entity has been excluded as a defendant in this discussion.

1

1    Plaintiff commenced this action as a challenge to the foreclosure in Santa Clara Superior

2    Court on September 16, 2011, and Defendants removed the action to this court on October 27, 2011.

3    See Not. of Removal, Docket Item No. 1.  Defendants then filed a Motion to Dismiss the original

4    complaint which this court granted with leave to amend on August 14, 2012.  See Order, Docket

5    Item No. 45.  Plaintiff filed the FAC on September 13, 2012.

6        Presently before the court is Defendants' Motion to Dismiss the FAC.  See Docket Item No.

7    50.  Plaintiff has filed written opposition to the motion.  See Docket Item No. 53.  Federal

8    jurisdiction arises pursuant to 28 U.S.C. § 1332.  Having carefully considered the moving, opposing

9    and reply papers, the court has determined Defendants' motion should be granted for the reasons

10   described below.[2]

11                        **II.   LEGAL STANDARD**

12       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

13   specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

14   rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

15   complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

16   upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

17   appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

18   cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

19   2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

20   speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

21       Claims based in fraud require more detailed allegations.  "In alleging fraud or mistake, a

22   party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ.

23   Proc. 9(b).  To that end, the allegations must contain "an account of the time, place, and specific

24   content of the false representations as well as the identities of the parties to the misrepresentations."

25

26   _____

27       [2] Defendants' Request for Judicial Notice ("RJN," Docket Item No. 51) is GRANTED to the
     extent referenced herein.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No.
     2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens

28   v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010
     WL 1924777 (N.D. Cal. May 12, 2010).

CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).   In other words, claims of fraudulent conduct must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

**A.     Intentional Misrepresentation, Negligent Misrepresentation, and Suppression, Concealment and Misleading Statements of Fact**

The FAC's first and second causes of action are for intentional and negligent misrepresentations of fact.  The third case of action is for suppression, concealment and misleading statements of fact.  In a manner similar to the prior iteration of this pleading, Plaintiff asserts that, from January, 2011, through May, 2011, unidentified representatives told Plaintiff he could apply for a loan modification and that Defendants would process the application.  More specifically, Plaintiff contends that one of AHMS' representatives assured him on some unknown date in May, 2011, that AHMS would consider and process his modification application if the documentation was received by June 7, 2011.  Plaintiff alleges, however, that this information was either false or misleading because Defendants had already scheduled a foreclosure sale for May 31, 2011, and did not tell him about the sale during the modification discussions.  Based on this, Plaintiff believes Defendants "sought to lull him into delaying [the loan modification process] until they have completed a foreclosure."

3

United States District Court

For the Northern District of California

1    The elements of intentional misrepresentation in California are: (1) a misrepresentation; (2)

2   knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5)

3   resulting damage.  Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997).  The

4   elements of negligent misrepresentation are similar except that a plaintiff need not show that the

5   defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable

6   ground for believing the statement to be true.  Charnay v. Cobert, 145 Cal. App. 4th 170, 184

7   (2006).  Under California law, a promise made without intention to perform may give rise to a claim

8   of deceit, which is an actionable fraud.  See Cal. Civ. Code § 1710(4); City & County of San

9   Francisco v. Philip Morris, Inc., 957 F. Supp. 1130, 1141 n.10 (N.D. Cal. 1997).

10    The elements of a cause of action for suppression, concealment and misleading statements of

11   fact are: (1) a concealed or suppressed a material fact; (2) a duty to disclose the fact to the plaintiff;

12   (3) intentional concealment or suppression of fact with the intent to defraud the plaintiff; (4) the

13   plaintiff must have been unaware of the fact and would not have acted as he did if he had known of

14   the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact,

15   the plaintiff must have sustained damage.  Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007).

16    The court previously found these causes of action deficient under Rule 9 and dismissed them

17   with leave to amend to allow Plaintiff to provide additional facts.  See Order, Docket Item No. 45.

18   Plaintiff, it appears, did not avail himself of this opportunity.  Indeed, the factual allegations in the

19   FAC are substantively identical to those contained in the original complaint.  As before, Plaintiff

20   only identifies a range of months in which conversations took place and alleges that one statement

21   was made by an unknown person on some day in May, 2011.  See FAC, at ¶ 17, 26.  That is not

22   enough.  See Harvey v. Bank of America, N.A., No. 12-3238-SC, 2012 U.S. Dist. LEXIS 154319, at

23   *28-29, 2012 WL 5337425 (N.D. Cal. Oct. 26, 2012) ("Plaintiff identifies, at best, the thrust of what

24   was said and in what month it was said. Though this is enough (barely) to satisfy the relatively

25   relaxed pleading standard required for promissory estoppel . . . it is not enough to plead fraud.").  As

26   the court noted in its prior order, allegations of fraud must be "specific enough to give defendants

27   notice of the particular misconduct which is alleged to constitute the fraud charged so that they can

28   defend against the charge and not just deny that they have done anything wrong."  Semegen v.

4

Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  General, vague and conclusory allegations which lack the "who, what, when, where, and how" are insufficient.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Such is the case here, once again.

In his opposition, Plaintiff argues the allegations meet the requisite pleading standard because additional, specific facts can be adduced through discovery.  According to Plaintiff, he is unable to provide more detailed facts since he is unaware of the exact dates that conversations occurred and does not know the identities of the representatives who made the statements alleged. The court does not agree, however, that Plaintiff can satisfy Rule 9 under these circumstances by simply stating that he cannot recall facts he is required to provide in order to plead a cause of action based in fraud.  Allowing Plaintiff to do so would circumvent one Rule 9's underlying purposes. "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a *precomplaint investigation* in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."  Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1969) (emphasis added).  Here, Plaintiff does not explain either in the FAC or in his opposition brief *why* he is unable to determine or recall more facts without resorting to formal discovery.  He also does not explain what efforts he made to find out more before filing either the original or amended complaint.  To be sure, "[a] party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'"  Id. at 1124 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds, Private Sec. Litig. Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737).  Plaintiff has not done so in the FAC.

In addition to the lack of specificity, Plaintiff has not plead a plausible theory of liability based on the elements of these fraud-based claims.  As to the element of damages common to all three causes of action, "[i]t must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect." Woodson v. Winchester, 16 Cal. App. 472, 476-77 (1911).  In the FAC, Plaintiff alleges that Defendant's misrepresentations or omissions concerning the processing of his loan modification

CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court

For the Northern District of California

1    materials caused him to refrain from taking other action in relation to the loan, such as submitting

2    documentation earlier and commencing legal action. <u>See</u> FAC, at ¶ 19. Plaintiff also describes his

3    damages as the "loss of the subject property, future use and enjoyment of that property, and his

4    severe emotional and physical distress, pain and suffering." <u>Id.</u> at ¶¶ 22, 27. The problem with

5    these allegations is that, by the time Plaintiff was told he could submit documentation on or before

6    June 7, 2011, he had already been in default on his loan payments for many months according to the

7    Notice of Default recorded on February 7, 2011. <u>See</u> FAC, at ¶ 10; <u>see also</u> RJN, at Ex. 1

8    (indicating Plaintiff owed $25,333.84 as of February 7, 2011). As such, it was not the alleged

9    misrepresentation that plausibly led to Plaintiff's damages; it was his own default.

10          Similarly, it was not justifiable for Plaintiff to rely on the statement that Defendants would

11   review his modification application as a way to postpone the foreclosure sale because that statement,

12   even if false, would not have changed the fact that Plaintiff was already far behind on his mortgage

13   payments, entitling Defendants to foreclose. <u>See</u> <u>Plastino v. Wells Fargo Bank</u>, No. C 12-01037

14   CRB, 2012 U.S. Dist. LEXIS 79342, at *27-28, 2012 WL 2061515 (June 7, 2012).

15          In addition, Plaintiff has not established for the purposes of a concealment cause of action

16   that Defendants were under a duty to disclose the pending foreclosure sale to Plaintiff in any

17   conversations concerning the loan modification process. While California Civil Code §§ 2923.5 and

18   2924 *et. seq.* mandate a particular notice scheme applicable to defaults and non-judicial foreclosure

19   proceedings, they do not place creditors or servicers under an obligation to disclose the date of a

20   foreclosure sale during the types of conversations Plaintiff alleges. This may be due to the fact that

21   in California "[t]he trustor need not receive actual notice of the trustee's sale so long as notice is

22   provided to the trustor that is in compliance with the statute." <u>Knapp v. Doherty</u>, 123 Cal. App. 4th

23   76, 88-89 (2004).

24          Accordingly, the court finds that Plaintiff has not stated claims for intentional

25   misrepresentation, negligent misrepresentation or suppression, concealment and misleading

26   statements of fact. These causes of action will therefore be dismissed. Because this was Plaintiff's

27   second attempt to plead viable causes of action, the court finds that allowing for further amendment

28   would be futile and will dismiss the claims without leave to amend. <u>See</u> <u>Miller v. Rykoff-Sexton</u>,

CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1   845 F.2d 209, 214 (9th Cir. 1988).

2        **B.        Intentional and Negligent Infliction of Emotional Distress**

3        Plaintiff has asserted in the FAC causes of action for intentional and negligent infliction of

4   emotional distress.  Plaintiff, however, did not assert these causes of action in the original complaint.

5   As the court previously noted, the caption of the original complaint only referenced a cause of action

6   for intentional infliction of emotional distress but did not contain allegations detailing that claim.

7   See Order, Docket Item No. 45.  As such, the court could only presume that Plaintiff had abandoned

8   that cause of action.  A cause of action for negligent infliction of emotional distress was no where

9   mentioned in the original complaint.

10        This observation is important because Federal Rule of Civil Procedure 15 prohibited Plaintiff

11   from adding these new causes of action on his own volition.  Under Rule 15(a)(1), a party "may

12   amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21

13   days after service of a responsive pleading or motion under Rule 12.  "In all other cases, a party may

14   amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ.

15   P. 15(a)(2).  In fact, the court specifically advised Plaintiff that he could not assert additional causes

16   of action in a an amended complaint without complying with Rule 15.  See Order, Docket Item No.

17   45 ("Plaintiff is further advised that he may not add new claims or parties without first obtaining

18   Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15, and that

19   failure to file a timely amended complaint or failure to amend the complaint in a manner consistent

20   with this Order may result in dismissal of this action.").

21        Here, Defendants filed their first motion to dismiss the original complaint on November 3,

22   2011, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule

23   15(a)(1)(B). Amending the complaint to add two new causes of action in September, 2012, without

24   the stipulation of defendants or leave of court was in contravention of Rule 15.  The emotional

25   distress claims must be dismissed on that ground alone.

26        This determination notwithstanding, the court addresses each of these causes of action

27   because they would be subject to dismissal even if Plaintiff had taken appropriate steps to add them

28   to the FAC.  To sufficiently support a claim for intentional infliction of emotional distress a plaintiff

**United States District Court**
For the Northern District of California

7

United States District Court

For the Northern District of California

must show the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993) (internal quotations omitted). Conduct is "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

The court finds that Plaintiff has not stated a claim for intentional infliction of emotional distress because the allegations upon which he bases this claim - the same statements upon which the misrepresentation claims are based - are not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. According to Plaintiff's own rendition of the facts, Defendant's did nothing more than operate within the traditional roles of mortgage lender and servicer by offering to review and process a loan modification application. Although Defendants ultimately completed the foreclosure sale before Plaintiff's documentation could be processed, this conduct is insufficient to meet the "extreme and outrageous" standard necessary for this tort, especially when Plaintiff was already in default and Defendants had the legal right to foreclose. See Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010). The cases cited by Plaintiff, each of which are factually distinguishable, do not compel a different conclusion.[3]

The cause of action for negligent infliction of emotional distress fares no better. In contrast to its related intentional formulation, negligent infliction of emotional distress "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply."

---

[3] In support of his argument that his allegations support Defendants' extreme and outrageous behavior, Plaintiff first cites Sanchez-Corea v. Bank of America, 38 Cal. 3d 892 (1985). That case, which does not address a borrower in default and foreclosure, involves a distinct set of facts. There, the California Supreme Court found substantial evidence to support a jury's award of emotional distress damages when: (1) the bank failed to disclose to plaintiffs that it had decided against issuing them further loans; (2) the bank instead required plaintiffs to assign all account receivables to the bank, sign excessive guarantees and promissory notes, and obtain additional life insurance in anticipation of receiving financing; and (3) publicly ridiculed Plaintiffs.

Plaintiff's citation of Kendall Yacht Club v. United California Bank, 50 Cal. App. 3d 949 (1975), is similarly misplaced because the theory of liability at issue involved the wrongful dishonor of a check in violation of California Commerical Code 4402. The common law tort of intentional infliction of emotional distress, although mentioned in passing, was not at issue.

8

CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court

For the Northern District of California

1   Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129 (1993).  The duty upon which this

2   claim can arise "may be imposed by law, be assumed by the defendant, or exist by virtue of a special

3   relationship."  Potter, 6 Cal. 4th at 985.

4        Defendants argue they owed no special duty to Plaintiff as part of the lending relationship.

5   They are correct.  "[A]s a general rule, a financial institution owes no duty of care to a borrower

6   when the institution's involvement in the loan transaction does not exceed the scope of its

7   conventional role as a mere lender of money."  Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal.

8   App. 3d 1089, 1096 (1991); see also Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th

9   Cir. 1994).  Plaintiff's argument to the contrary is unconvincing, especially when, "with rare

10  exceptions, a breach of the duty [for negligent infliction of emotional distress] must threaten

11  physical injury, not simply damage to property or financial interests."  Potter, 6. Cal. 4th at 985.

12       In sum, Plaintiff did not comply with Federal Rule of Civil Procedure 15 in asserting the

13  emotional distress causes of action in the FAC and, in any event, did not and cannot plead sufficient

14  facts to state either claim.  These causes of action will therefore be dismissed without leave to

15  amend.

16                                    **IV.   ORDER**

17       Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 50) is GRANTED.

18  All of the cause of action are DISMISSED WITHOUT LEAVE TO AMEND.

19       Since this order effectively resolves the case, judgment will entered in favor of Defendants.

20  The Clerk shall close this file.

21  **IT IS SO ORDERED.**

22

23  Dated:  November 19, 2012

24                                    EDWARD J. DAVILA
                                     United States District Judge

25

26

27

28

9

CASE NO. 5:11-cv-05245 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS